UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RAIMUNDO ANTONIO HOGAN,

    Petitioner,

v.   Case No. 3:21-cv-958-MMH-MCR

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

    Respondents.

# ORDER

## I. Status

Petitioner Raimundo Antonio Hogan, a former inmate of the Florida penal system,[1] initiated this action on September 27, 2021,[2] by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1).[3] In the Petition, Hogan challenges a 1995 state court (Duval County, Florida) judgment of conviction for eight counts of armed robbery and eight counts of possession of a firearm by a convicted felon, as well as charges of aggravated

---

[1] Hogan is presently in federal custody. See https://www.bop.gov/inmateloc/ (last visited April 16, 2024).

[2] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).

[3] For all pleadings and exhibits filed in this case, the Court cites to the document and page numbers as assigned by the Court's Electronic Case Filing System.

assault, armed carjacking, attempted armed robbery, forgery, and uttering a forged instrument. He raises one ground for relief. See Petition at 5-7. Respondents submitted a memorandum in opposition to the Petition, arguing that the action is untimely. See Motion to Dismiss Petition for Writ of Habeas Corpus (Response; Doc. 5). They also submitted exhibits. See Docs. 5-1 through 5-12. Hogan filed a brief in reply. See Reply (Doc. 7).

## II. Procedural History

On September 13, 1994, Hogan pled guilty in Duval County Case Number 1994-CF-4586 to twenty-one offenses: eight counts of armed robbery, eight counts of possession of a firearm by a convicted felon, and charges of aggravated assault, armed carjacking, attempted armed robbery, forgery, and uttering a forged instrument. See Doc. 5-3; Doc. 5-5 at 1-3. On June 30, 1995, the trial court adjudicated Hogan guilty of these offenses and sentenced him to a total of twenty-five years imprisonment, with a minimum mandatory term of twelve years, in accordance with the terms of Hogan's written plea and negotiated sentence agreement. See Doc. 5-5. According to the Florida Department of Corrections' (FDOC) website, Hogan served his sentences and was released from FDOC custody on November 21, 2014.[4]

---

[4] See Corrections Offender Network, Florida Department of Corrections, available at https://fdc.myflorida.com/OffenderSearch/Search.aspx (last visited Apr. 16, 2024).

## III. Analysis

A United States district court has jurisdiction to entertain a § 2254 petition only if the petitioner is "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). The "in custody" requirement is jurisdictional but is liberally construed. Howard v. Warden, 776 F.3d 772, 775 (11th Cir. 2015). The Supreme Court has interpreted the "in custody" requirement to mean "that the habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989). "Accordingly, where a petitioner's sentence has fully expired, he does not meet the 'in custody' requirement, and the mere possibility that the prior conviction will be used to enhance a sentence imposed for any subsequent crime is not enough to render him 'in custody.'" Birotte v. Sec'y for Dep't of Corr., 236 F. App'x 577, 578 (11th Cir. 2007) (citing Maleng, 490 U.S. at 492).[5] "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an

---

[5] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060-61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

3

individual 'in custody' for the purposes of a habeas attack upon it." Id. Rather, the "in custody" requisite "still requires that the state exercise some control over the petitioner." Howard, 776 F.3d at 775.

Here, the 1995 convictions that Hogan challenges expired in November 2014 when he was released from custody. Hogan filed the instant Petition over six years later. Because Hogan is no longer serving a sentence for his 1995 convictions, he cannot bring a federal habeas action attacking them. Although Hogan is now in federal custody serving a sentence for a federal felon in possession conviction, see United States v. Hogan, No. 3:16-cr-139-TJC-LLL (M.D. Fla. Oct. 27, 2017),[6] his current confinement is insufficient to render him "in custody" for purposes of a § 2254 petition challenging his expired 1995 convictions. See Alaska v. Wright, 593 U.S. 152, 154 (2021) (an inmate serving a federal sentence is not "in custody pursuant to the judgment of a State court" under § 2254(a) simply because a state conviction served as a predicate for his federal conviction) (quoting 28 U.S.C. § 2254(a)); see also Maleng, 490 U.S. at 492 (holding the mere possibility that a fully served sentence might be used to enhance a new sentence did not render petitioner "in custody" for habeas

---

[6] The Court takes judicial notice of Hogan's state and federal court dockets. See Fed. R. Evid. 201(b)(2) (a court may "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned"); Paez v. Sec'y, Fla. Dep't of Corr., 947 F.3d 649, 651 (11th Cir. 2020) ("State court records of an inmate's postconviction proceedings generally satisfy [the Rule 201(b)(2)] standard.").

purposes). Therefore, the Petition is due to be denied as Hogan is no longer in custody on the challenged convictions and he suffers no present restraint from the convictions he seeks to challenge. Boone v. Warden, Att'y Gen., 800 F. App'x 739, 740 (11th Cir. 2020) (citing Garlotte v. Fordice, 515 U.S. 39, 45 (1995)).

Moreover, the Court finds that the Petition is untimely. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

5

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). As Hogan's convictions and sentences became final after the effective date of AEDPA, his Petition is subject to the one-year limitations period. See 28 U.S.C. § 2244(d)(1).

The following procedural history is relevant to the one-year limitations issue. On January 29, 1997, the First District Court of Appeal dismissed Hogan's direct appeal of his 1995 convictions.[7] See Raimundo Anthony Hogan a/k/a Darius Brown v. State of Florida, No. 1D95-2769 (Fla. 1st DCA Jan. 29, 1997). Hogan filed postconviction motions in 1997 and 1998, which the state court denied.[8] He did not file the instant Petition until September 27, 2021,

---

[7] On direct appeal, Hogan's appellate counsel filed a brief under Anders v. California, 386 U.S. 738 (1967), and moved to withdraw. See https://onlinedocketsdca.flcourts.org/ (last visited Apr. 16, 2024). The First DCA granted counsel's motion to withdraw and gave Hogan an opportunity to file a pro se brief. Id. Hogan did not file a pro se brief, and the State thereafter filed an answer brief. Id. According to the docket, the records pertaining to Hogan's direct appeal were destroyed in 2002. Id.

[8] See State of Florida v. Raimundo Antonio Hogan, No. 1994-CF-4586, available at https://core.duvalclerk.com/CoreCms.aspx?mode=PublicAccess (Order Denying Motion to Vacate Judgment and Sentence, filed January 16, 1998, and Order Denying Motion to Vacate Judgment and Sentence (Rule 3.850), filed July 2, 1998).

over twenty years after the one-year limitations period expired. Although the record shows that Hogan pursued state postconviction relief in 2020, see Doc. 5-7 at 4-13, those filings did not revive the already-expired limitations period. See Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Therefore, the Petition is untimely.

Further, Hogan has failed to establish that equitable tolling of the limitations period is warranted.[9] In the Reply, Hogan appears to assert that a finding of untimeliness cannot be made because the records pertaining to his direct appeal were destroyed in 2002. See Reply at 1. But, the state court docket and the records that are still available plainly establish that the Petition was filed long after the one-year limitations period expired. To the extent Hogan asserts in the Reply that he can establish cause for his untimeliness under Martinez v. Ryan, 566 U.S. 1 (2012), see Reply at 2, his reliance on Martinez is misplaced. In Martinez, the Court addressed whether

---

[9] "When a prisoner files for habeas corpus relief outside the one-year limitations period, a district court may still entertain the petition if the petitioner establishes that he is entitled to equitable tolling." Damren v. Florida, 776 F.3d 816, 821 (11th Cir. 2015). The United States Supreme Court has established a two-prong test for the application of equitable tolling, stating that a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quotations and citation omitted); Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017).

7

ineffective assistance of counsel can constitute cause for procedural default; it neither addressed equitable tolling nor AEDPA's statute of limitations. While the federal limitations period is subject to equitable tolling in certain circumstances, the Eleventh Circuit has rejected the argument that Martinez provides a basis for equitably tolling AEDPA's statute of limitations. See Arthur v. Thomas, 739 F.3d 611, 630 (11th Cir. 2014) (holding that "the Martinez rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period"); Patrick v. Warden, 828 F. App'x 518, 522 (11th Cir. 2020) ("Martinez has nothing to do with equitable tolling—that case is about procedural default, which addresses when state procedural rules bar federal courts from considering certain habeas claims.") (citations omitted).

Because Hogan has not shown a justifiable reason why the dictates of the one-year limitations period should not be applied to him, the Petition is also due to be dismissed as untimely. If Hogan satisfied the "in custody" requirement, the Court would dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d). However, because he was not "in custody" at the time he filed the Petition, the Court lacks subject matter jurisdiction over this action. As such, the Petition is due to be dismissed without prejudice.

## IV. Certificate of Appealability
## Pursuant to 28 U.S.C. § 2253(c)(1)

If Hogan seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Hogan "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable

whether the district court was correct in its procedural ruling." Id. Upon consideration of the record, the Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED**:

1. The Petition (Doc. 1) and this case are **DISMISSED WITHOUT PREJUDICE**.

2. The Clerk of the Court shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close this case.

3. If Hogan appeals the dismissal of the case, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 26th day of April, 2024.

MARCIA MORALES HOWARD
United States District Judge

Jax-10  4/18
c:   Raimundo Antonio Hogan, #67735-018
     Counsel of record